IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-03639-GPG

MOUHAMADOU DIALLO,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado,
GEORGE VALDEZ, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security,
DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement, and
TODD BLANCHE, Attorney General of the United States,

Respondents.

---

**ORDER**

---

Before the Court is the Petition for Writ of Habeas Corpus (D. 1). Because the Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge. *See* 28 U.S.C. § 2243.

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

Petitioner was previously released on his own recognizance based on a finding that he was not a danger or flight risk but has be rearrested and detained (D. 1 at 2–3). He seeks release or a

constitutionally adequate bond hearing, asserting in part[1] that his ongoing detention violates due process in part because he bore the burden of proof at a past detention hearing (*id*. at 3, 22).

Respondents indicated that they will not be filing a brief in opposition (D. 9).

Petitioner is entitled to a bond hearing because he was not detained at the border and is not subject to a final removal order. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026). This Court has previously held that due process requires that the government bear the burden of proving danger to the community and flight risk at immigration custody hearings. *See Batz Barreno v. Baltasar*, No. 025-cv-03017-GPG-TPO, 2025 WL 3190936, *3 (D. Colo. Nov. 14, 2025). For the same reasons, the Court finds that Petitioner is held in violation of due process because the government has not met its burden to show that he is properly detained.

Accordingly, Petitioner's Petition (D. 1) is GRANTED IN PART, to the extent Petitioner seeks a bond hearing at which Respondents bear the burden of proof of showing Petitioner's continued detention is proper and was proper at the time of Petitioner's arrest. *See Batz Barreno*, 2025 WL 3190936, *3 (holding that the government must prove risk of flight by a preponderance of the evidence and must prove dangerousness to any other person or to the community by clear and convincing evidence). Respondents shall provide Petitioner with a bond hearing within SEVEN DAYS of receiving notice of this Order and Respondents have the responsibility to ensure that the government applies those burdens and provides a sufficient record for review. Additionally, Respondents SHALL notify Petitioner and any counsel who has entered an appearance in this action of the date, time, and place of the hearing no less than 24 hours prior to

---

[1] Petitioner also raises additional issue that will need to be addressed if he remains detained (*see* D. 1 at 7, 10, 12–13, 16).

the beginning of the hearing. Respondents are ENJOINED from denying bond to Petitioner on the basis that Petitioner is detained pursuant to § 1225(b)(2)(A). Respondents are further ORDERED to file a status report within FIVE DAYS of Petitioner's bond hearing, stating whether Petitioner has been granted bond, and, if Petitioner's request for bond was denied, the reasons for that denial. Such status update shall also include as an attachment any warrant justifying Petitioner's detention at the time he was detained.

DATED August 19, 2026.

BY THE COURT:



Gordon P. Gallagher
United States District Judge